IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR231 |
| v. | |
| BYRON G. MORALES, | MEMORANDUM AND ORDER |
| Defendant. | |

On November 14, 2023, a grand jury indicted (Filing No. 1) defendant Byron G. Morales ("Morales") on one count of distributing child pornography and one count of possessing child pornography. *See* 18 U.S.C. § 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2). Those charges arose out of an investigation of a National Center for Missing and Exploited Children ("NCMEC") CyberTip originally generated by Facebook.

On July 15, 2024, Morales moved (Filing No. 38) to suppress evidence and requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). In his view (Filing No. 39), (1) Facebook and NCMEC conducted unlawful, warrantless searches of his electronic information, (2) the search-warrant application that followed lacked probable cause, (3) that application contained material omissions, (4) his statements during an interview with Federal Bureau of Investigation ("FBI") agents were made involuntarily, and (5) their warrantless search of his phone was conducted without valid consent. The government disagreed across the board (Filing No. 53).

The magistrate judge[1] held a hearing on February 11, 2025. *See* 28 U.S.C. § 636(b)(1)(B) (allowing a district judge to "designate a magistrate judge to conduct hearings . . . and to submit" proposed findings and recommendations for the disposition of

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

a motion to suppress evidence); *accord* Fed. R. Crim. P. 59(b)(1). Omaha Police Department Sergeant Stephan Skaar and FBI Special Agent Buckley Wright testified as to their respective roles in the investigation into Morales's online activity. After the hearing, the government submitted additional evidence (Filing No. 70, 75) from NCMEC and Facebook regarding their involvement in such cases.

Upon review, the magistrate judge issued his Findings and Recommendation (Filing No. 77) recommending the Court deny Morales's motion. He found that the evidence did not demonstrate the occurrence of any search of the CyberTip files before the first search warrant was issued. The magistrate judge further concluded that the information omitted from the first search-warrant application was not left out intentionally or recklessly. *See Franks*, 438 U.S. at 171. And despite noting Morales's "valid criticisms of the March 16 warrant application," he found the "probable cause threshold was met." *See United States v. Saddler*, 19 F.4th 1035, 1039 (8th Cir. 2021) ("In reviewing whether there was probable cause to issue the warrant, we give the issuing magistrate's determination 'great deference,' examining the sufficiency of the supporting affidavit 'using a common sense and not a hypertechnical approach.'" (quoting *United States v. Grant*, 490 F.3d 627, 631-32 (8th Cir. 2007))). Finally, the magistrate judge determined that the statements and consent Morales gave to the FBI agents were voluntary. *See United States v. Mattox*, 27 F.4th 668, 674-75 (8th Cir. 2022) (explaining when, under the totality of the circumstances, a statement made during a non-custodial interrogation may be involuntary); *United States v. Carr*, 895 F.3d 1083, 1089 (8th Cir. 2018) (listing factors relevant to determining whether consent was voluntarily given).

Morales objects (Filing No. 80) to the bulk of the Findings and Recommendation. The government, on the other hand, asks the Court to adopt the magistrate judge's ruling in its entirety (Filing No. 83). In light of Morales's objections, this Court must review the challenged portions of the magistrate judge's Findings and Recommendation de novo, *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (citing 28 U.S.C. § 636(b)(1)); Fed.

R. Crim. P. 59(b)(3), giving "fresh consideration to those issues," *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (internal quotation omitted).

The Court has conducted such a review of the entire record in this case, including the parties' arguments and evidence and the testimony at the hearing. Based on its review, the Court fully accepts the magistrate judge's recommendation. Morales has not demonstrated that any warrantless review of the CyberTip files occurred nor has he met his burden to warrant a *Franks* hearing. The Court also agrees with the magistrate judge's determination that the first search-warrant application satisfied the probable-cause requirement. Additionally, the record supports concluding that Morales made voluntary statements to the investigating FBI agents and gave valid consent for the search of his phone. Therefore,

IT IS ORDERED:
1. Defendant Byron G. Morales's objections (Filing No. 80) to the magistrate judge's Findings and Recommendation (Filing No. 77) are overruled.
2. The magistrate judge's Findings and Recommendation is accepted.
3. Morales's Motion to Suppress (Filing No. 38) is denied.

Dated this 23rd day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge